# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **FRANK H. McGHEE** and **ASHLEY LOMBARDO**, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 17 C 1435 ) |
| **LITTLE COMPANY OF MARY HOSPITAL**, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM ORDER

Frank McGhee ("McGhee") has used the Clerk's-Office-supplied form "Complaint for Violation of Constitutional Rights" to file a pro se lawsuit against Little Company of Mary Hospital, the Illinois Department of Children and Family Services ("Department") and the Circuit Court of Cook County for the asserted violation of his rights relating to the infant boy of whom McGhee is the father and Ashley Lombardo ("Lombardo") is the mother.[1] This sua sponte memorandum order, which dismisses both the Complaint and this action, is called for by the obvious (and incurable) deficiencies in the Complaint in federal subject matter terms.

Here in Complaint ¶ 7, copied verbatim, is McGhee's thumbnail description of his grievance:

---

[1] Although McGhee has also listed Lombardo in the caption of the Complaint and she has signed an affidavit identifying him as the biological father of the infant, McGhee's extended narrative in the Complaint seeks relief only on his own behalf, not on Lombardo's. But as the ensuing text of this memorandum order makes plain, the result here would be the same even if Lombardo had joined and sought relief for herself.

> This case is concering kidnapping of my son Frank H. Lombardo premeditated to
> do so from the Hospital to the Juvenile court room becaues my son was injured by
> Zofran.

But the several pages of factual narrative that follow in Complaint ¶ 10 are devoted in substantial part to McGhee's efforts -- originally unsuccessful but ultimately successful -- to allow him to sign the infant's birth certificate. That plainly does not state an actionable federal claim.

As for what McGhee labels a "kidnapping," on that score that he complains of Department's proper exercise of its statutory responsibility, under the circumstances before it, to bring the matter before a state court judge to determine what the child's best interests called for in terms of original custodial arrangements. And not incidentally, McGhee participated in that state court hearing through counsel, whom he describes as having "put up a half way decent argument on my behalf in the court room."

Despite what McGhee seems to think (a misinformed view that is shared by too many persons lacking a background in basic civics), federal district courts (or for that matter federal appellate courts) do not sit in some type of appellate review capacity over state courts -- that is the function of the appellate courts in the state judicial system. What McGhee has attempted here is a collateral attack on the state court decision, and a federal court -- whose judicial powers are limited to those conferred upon it by congressional enactment -- has not been empowered to play that role.

Accordingly both the Complaint and this action are dismissed sua sponte for a lack of subject matter jurisdiction, as is expressly authorized by Fed. R. Civ. P. 12(i). Because the Complaint and any related filings have not yet surfaced in docket entries, this memorandum

order may have to be supplemented if McGhee has posed issues relating to payment of the filing fee or has filed a motion for designation of counsel to represent him.

                                                           *[signature]*
                                                          _____
                                                          Milton I. Shadur
                                                          Senior United States District Judge

Date: February 27, 2017