IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK H. McGHEE and ASHLEY LOMBARDO, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 17 C 1435 |
| LITTLE COMPANY OF MARY HOSPITAL, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

On April 20 this Court received the Judge's Copy of the Notice of Appeal ("Notice") filed pro se by plaintiff Frank McGhee ("McGhee"), coupled with an In Forma Pauperis Application ("Application"). Continuing to evidence his total unfamiliarity with federal litigation (more of this a bit later), McGhee has designated his appeal as having been taken from this Court's final judgment "entered in this action on the 4 day of 20, 2017" (blank underlining in the original form was filled in by McGhee manually). But McGhee's handwritten numbers in those underlined spaces in the Notice form have clearly garbled his intended date, which is obviously 4/20 rather than 20/4 and as such coincides with the April 20 date on which he filed the Notice and Application in the Clerk's Office (a date confirmed by the Clerk's Office's date stamp).

Instead of that patently incorrect dating by McGhee, this Court's actual final order was issued sua sponte on February 27, 2017 because of the obvious lack of federal subject matter jurisdiction evidenced by McGhee's Complaint (Ex. 1 attached). Hence McGhee's current attempted appeal is untimely, calling for denial of the Application. And McGhee has persisted in

his misunderstanding, for his further activity at the District Court level has earlier occasioned the need to issue another memorandum order on April 5 (Ex. 2 attached).

In summary, McGhee's Application for in forma pauperis status on appeal is denied. Although his persistence in pursuing the matter can fairly be characterized as frivolous in the legal sense, this Court will not order the imposition of any sanctions -- any such consideration is left to our Court of Appeals, irrespective of whether McGhee seeks to pursue the issue further before that court.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 24, 2017

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **FRANK H. McGHEE** and **ASHLEY LOMBARDO**, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 17 C 1435 ) |
| **LITTLE COMPANY OF MARY HOSPITAL**, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM ORDER

Frank McGhee ("McGhee") has used the Clerk's-Office-supplied form "Complaint for Violation of Constitutional Rights" to file a pro se lawsuit against Little Company of Mary Hospital, the Illinois Department of Children and Family Services ("Department") and the Circuit Court of Cook County for the asserted violation of his rights relating to the infant boy of whom McGhee is the father and Ashley Lombardo ("Lombardo") is the mother.[1] This sua sponte memorandum order, which dismisses both the Complaint and this action, is called for by the obvious (and incurable) deficiencies in the Complaint in federal subject matter terms.

Here in Complaint ¶ 7, copied verbatim, is McGhee's thumbnail description of his grievance:

---

[1] Although McGhee has also listed Lombardo in the caption of the Complaint and she has signed an affidavit identifying him as the biological father of the infant, McGhee's extended narrative in the Complaint seeks relief only on his own behalf, not on Lombardo's. But as the ensuing text of this memorandum order makes plain, the result here would be the same even if Lombardo had joined and sought relief for herself.

> This case is concerning kidnapping of my son Frank H. Lombardo premeditated to do so from the Hospital to the Juvenile court room becaues my son was injured by Zofran.

But the several pages of factual narrative that follow in Complaint ¶ 10 are devoted in substantial part to McGhee's efforts -- originally unsuccessful but ultimately successful -- to allow him to sign the infant's birth certificate. That plainly does not state an actionable federal claim.

As for what McGhee labels a "kidnapping," on that score that he complains of Department's proper exercise of its statutory responsibility, under the circumstances before it, to bring the matter before a state court judge to determine what the child's best interests called for in terms of original custodial arrangements. And not incidentally, McGhee participated in that state court hearing through counsel, whom he describes as having "put up a half way decent argument on my behalf in the court room."

Despite what McGhee seems to think (a misinformed view that is shared by too many persons lacking a background in basic civics), federal district courts (or for that matter federal appellate courts) do not sit in some type of appellate review capacity over state courts -- that is the function of the appellate courts in the state judicial system. What McGhee has attempted here is a collateral attack on the state court decision, and a federal court -- whose judicial powers are limited to those conferred upon it by congressional enactment -- has not been empowered to play that role.

Accordingly both the Complaint and this action are dismissed sua sponte for a lack of subject matter jurisdiction, as is expressly authorized by Fed. R. Civ. P. 12(i). Because the Complaint and any related filings have not yet surfaced in docket entries, this memorandum

order may have to be supplemented if McGhee has posed issues relating to payment of the filing fee or has filed a motion for designation of counsel to represent him.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 27, 2017

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRANK H. McGHEE and ASHLEY LOMBARDO, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 17 C 1435 ) |
| LITTLE COMPANY OF MARY HOSPITAL, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM ORDER

This Court's February 27, 2017 memorandum order ("Order") announced the sua sponte dismissal of this action brought by Frank McGhee ("McGhee") and Ashley Lombardo because of a lack of federal subject matter jurisdiction over their claims. Whether prompted by a continued lack of understanding of the fundamental reason for that dismissal or, perhaps, by his regret over having paid a $400 filing fee for his mistaken effort, McGhee has filed a motion for extension of time (Dkt. No. 7) because, as stated in that motion:

> 2. We need time to find representation from an attorney that will refile this civil complaint.
>
> 3. We fully understand we do not have the knowledge and lawyer's skills its [sic] going to take to file this ingest [sic] against us. May 30-days be granted to find representation.

But the same absence of subject matter jurisdiction that prompted issuance of the Order bars consideration of McGhee's current Dkt. No. 7 motion, which is therefore denied out of hand. Indeed, lest McGhee consider the expenditure of further funds to challenge the original dismissal

Ex. 2

of this action, he should understand that that 30 day timetable allowed for such an appeal has already run out.

                                            _____
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: April 5, 2017